FILED

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

2018 FEB 12 PM 1:54

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**BENITA MCCONICO**

Plaintiff,

CASE NO:

8:18cv359 30 cPT

Vs

**MAGISTRATE JUDGE ONLY**

**CITY OF TAMPA**

Defendant(s).

_____/

### ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, Benita McConico (Plaintiff), by and through her undersigned

counsel, and files this original complaint against the CITY OF TAMPA (City of Tampa

Neighborhood Empowerment Department) ("the City") and alleges:

### A. Jurisdictional Statement

1.      The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      That the federal question involved in this case arises under 42 U.S.C. Section 1983

("Deprivation of Rights Under Color of Law"), the Americans' With Disabilities Act, and (or)

Title VII of the 1964 Civil Rights Act.

3.      That the Plaintiff is a resident of Tampa, Florida.   She is black/African American.

4.      That the Defendant is a public corporation and subdivision of the State of Florida with its

principal operation in Tampa, Florida.

### STATEMENT OF FACTS

## Introduction

5.    Plaintiff Benita McConico is an African American woman. She was originally hired at the City of Tampa in July 1989.

6.    Plaintiff McConico was terminated on October 25, 2017 and, subsequently, she filed a Charge of Discrimination before the U.S. Equal Employment Opportunity Commission.

7.    On or about November 28, 2017, the U.S. Equal Employment Opportunity Commission terminated the processing of the Charge, at the Plaintiff's request, and issued a Notice of Right To Sue (Issued on Request." Exhibit A.

## Background Facts

10.    Plaintiff McConico is a forty-eight year old African American woman.

11.    The City of Tampa has subjected Plaintiff McConico to workplace survelliance, disciplinary actions, and monitoring for the past several years, and, in response, Plaintiff McConico has a substantial history of grievances filed through Local 1463, Amalgamated Transit Union.   Although those previous grievances were not explicitly couched in terms of discrimination that would be cognizable under Title VII or the Americans with Disabilities Act,

the Plaintiff now believes that this present action is, in fact, a culmination of these past

grievances which constituted "racial harassment" and "racial retaliation," leading up to her

termination on October 25, 2017.[1]

12.     The Plaintiff hereby incorporates **Exhibit B**, "Charge of Discrimination," EEOC Case

Number 511-2017-01836, and asserts that this is supporting and background information which

serves as the factual basis for her present complaint: to wit: that her immediate supervisor, Susan

Wenrick (white female) retaliated and discriminated against the Plaintiff because of her race.

13.     During September 2017, Hurricane Irma impacted the Tampa Bay area. The Plaintiff's

job duties and responsibilities required her to be on-call, in the event of an emergency during the

hurricane.   Specifically, Plaintiff McConico was governed by a city policy called, "Know Your

Role."   The "Know Your Role" required employees to remain in contact with either Carlos

(Surname Unknown)(Hispanic male), who was responsible for supervising the emergency policy

and (or) Bob Holley, the Service Crew Supervisor. Either Carlos or Bob Holley would then

provide instructions to the employee as to what their role would be during the hurricane.

14.     During the said hurricane emergency of September 2017, Plaintiff McConico called her

immediate supervisor, Bob Holley, in order to ascertain what her role would be during the

hurricane. Mr. Holley informed the Plaintiff, "you can stay home, I will inform Carlos."   For

this reason, the Plaintiff did not report for duty during the hurricane emergency and remained at

---

[1] Plaintiff has supporting documents in the form of grievances and at least one former EEOC Charge of
Discrimination, which was filed on June 29, 2017 and closed on September 29, 2017. Exhibit B.

home. She received no follow-up communications from anyone informing her to do otherwise.

15.    Supervisor Ralph Rodriguez and Union President Ephram Green attained first-hand knowledge of how the "Know Your Role" policy was being implemented. Both of these men observed the designated Hurricane Crew Supervisor Carlos was routinely referring all inquiries from employees back to their regular supervisors.   In other words, if Plaintiff McConico had called Carlos in order to inquire about her status under the "Know Your Rights," Carlos would have referred her to speak to her supervisor Bob Holley for instructions as to whether or not to show up to work.

16.    On or about October 25, 2017, the City of Tampa terminated Plaintiff McConico, because she did not call into speak to Carlos and to check her status under the "Know Your Role" policy.

17.    At least two other City of Tampa employees failed to call Carlos to check their status under the "Know Your Role" policy, and both of these employees reported to the same supervisors as Plaintiff McConico.   They were also both white males. They were questioned about their whereabouts during the hurricane and about the reasons why they did not show up to work during the hurricane, but neither of these employees were terminated.

## COUNT I.  Retaliation

18.    The Plaintiff hereby re-alleges and re-states averments 1 through 17, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

19.    First, Plaintiff McConico engaged in protected activity, as stated in averment 12 and as fully set forth in Exhibit B.

20.    Second, Plaintiff McConico suffered from an adverse employment action when the Defendant terminated her on October 25, 2017. The Defendant knew, or should have known, Plaintiff McConico, had engaged in a protected activities (as stated in paragraph 12) leading up to this termination.

21.    Third, there is a causal connection between the protected activity and the adverse employment action.

    A.    Plaintiff McConico was terminated on October 25, 2018. He filed and prosecuted her EEOC Charge of Discrimination from between June 20, 2017 through September 29, 2017. .

    B.    Although the time interval between the protected activity and the adverse employment action is a 2-4-month time span, the totality of the circumstances (averments 1 through 17) reveal that the Defendant was motivated by retaliation and racial discrimination against Ms. McConico.

22.    WHEREFORE, the Plaintiffs demand:

    A.    Trial by jury.

    B.    Judgment against the Defendants for compensatory and punitive damages.

    C.    Affirmative Action, as deemed appropriate by the Court.

    D.    Injunctive Relief, as deemed appropriate by the Court.

    E.    Attorney's fees and costs.

    F.    For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT II.   DISPARATE TREATMENT-- Race

23.     The Plaintiff hereby re-alleges and re-states averments 1 through 17, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

24.     When the City of Tampa terminated Ms. McConico on October 25, 2017, it discriminated against her on the basis of her race:

A.      First, Ms McConico is an African American and, as such, she is a member of a protected class.

B.      Second, Ms. McConico was qualified for her position and me the reasonable performance expectations of that position.

C.      Third, the Defendant terminated Ms. McConico because she did not call in to speak to Supervisor Carlos to check her status under the "Know Your Role" policy, during Hurricane Irma, in 2017.

D.      Fourth, at least two white male City of Tampa Employees committed the same alleged infraction, but they were not disciplined, punished or terminated.

E.      Fifth, two other City of Tampa supervisors observed the fact that during the hurricane emergency period in question, Carlos was routinely referring employees back to speak to their immediate supervisors to get up-dates and instructions under the "Know Your Role" policy. Plaintiff McConico did, in fact, contact her immediater supervisor and was told to stay home. This proves the futility and the pre-textual of the city's reasons for terminating Ms. McConico.

25.     Second, Plaintiff McConico suffered from an adverse employment action when the

Defendant terminated her on October 25, 2017. The Defendant knew, or should have known that the Plaintiff McConico, was being treated differently than at least two similarly-situated white male employees, when it terminated her employment.

26.   WHEREFORE, the Plaintiffs demand:

    A.   Trial by jury.

    B.   Judgment against the Defendants for compensatory and punitive damages.

    C.   Affirmative Action, as deemed appropriate by the Court.

    D.   Injunctive Relief, as deemed appropriate by the Court.

    E.   Attorney's fees and costs.

    F.   For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT II.   DISPARATE TREATMENT-- Sex

27.   The Plaintiff hereby re-alleges and re-states averments 1 through 17, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

28.   When the City of Tampa terminated Ms. McConico on October 25, 2017, it discriminated against her on the basis of her race:

    A.   First, Ms McConico is a woman and, as such, she is a member of a protected class.

    B.   Second, Ms. McConico was qualified for her position and me the reasonable performance expectations of that position.

    C.   Third, the Defendant terminated Ms. McConico because she did not call in to speak to Supervisor Carlos to check her status under the "Know Your Role" policy, during

Hurricane Irma, in 2017.

      D.     Fourth, at least two male City of Tampa Employees committed the same alleged infraction, but they were not disciplined, punished or terminated.

      E.     Fifth, two other City of Tampa supervisors observed the fact that during the hurricane emergency period in question, Carlos was routinely referring employees back to speak to their immediate supervisors to get up-dates and instructions under the "Know Your Role" policy. Plaintiff McConico did, in fact, contact her immediater supervisor and was told to stay home. This proves the futility and the pre-textual of the city's reasons for terminating Ms. McConico.

29.     Second, Plaintiff McConico suffered from an adverse employment action when the Defendant terminated her on October 25, 2017. The Defendant knew, or should have known that the Plaintiff McConico, was being treated differently than at least two similarly-situated male employees, when it terminated her employment.

30.     WHEREFORE, the Plaintiffs demand:

      A.     Trial by jury.

      B.     Judgment against the Defendants for compensatory and punitive damages.

      C.     Affirmative Action, as deemed appropriate by the Court.

      D.     Injunctive Relief, as deemed appropriate by the Court.

      E.     Attorney's fees and costs.

      F.     For whatever additional relief as is deemed just and appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

__/s/ Roderick O. Ford__

Roderick O. Ford, Esq.
FBN: 0072620
RODERICK O FORD PLLC
220 E. Madison Street
Suite 1205
Tampa, Florida 33602
(813) 223-1200
(800) 792-2241 facsimile
laboradvocate@fordlawfirm.org