IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BENITA MCCONICO**

        Plaintiff,

CASE NO: 8:18-CV-359-T-30-CPT

Vs

**CITY OF TAMPA**

        Defendant(s).

_____/

**PLAINTIFF'S RESPONSE IN REBUTTAL
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, **BENITA MCCONICO** by and through her undersigned counsel, pursuant to Local Rule 3.01(g) and Rule 56 of the Federal Rules of Civil Procedure and respectfully files this response to the Defendant's Motion for Summary Judgment against the Plaintiff.

In support thereof, the Plaintiff respectfully states:

1. First, the Plaintiff hereby adopts, appends, and incorporates her Motion For Summary Judgment into this response, as if it were a counter-motion to the Defendant's Motion For Summary Judgment.

2. Second, this Response to the Defendant's Motion For Summary Judgment is in the form of **rebuttal chart**, in order to clarify the pertinent issues, as follows:

| **Defendant's Motion For Summary Judgment Against the Plaintiff** | **Plaintiff's Response to Motion For Summary Judgment** |
|---|---|
| Defendant's **Introduction**, pp. 1-2 notes that the 2017 Atlantic Hurricane season was active…. Etc. | **Rebuttal**: The Defendant here seemingly argues that, because of common knowledge about hurricanes during the 2017 hurricane season, Ms. McConico knew, should have known about, or should have been prepared for Hurricane Irma on September 11, 2017.<br><br>This honorable court should not be persuaded by this insinuation.   First, it is simply not relevant or probative as to legal elements in this action. Second, there is record evidence that 42 other City of Tampa employees did not show up for work, for one reason or another, including three from the Neighborhood Empowerment Department—hence, no inference of inherent negligence or recklessness on Ms. McConico's part may be |

2

| | |
|---|---|
| | drawn from this assertion. |
| Defendant's **Introduction**, pp. 1-2 notes that Ms. McConico "was required to report to work to assist with post-Hurrican clean up. She refused." | **Rebuttal**: This was not a clear-cut case of insubordination or refusal to report to work. Otherwise, the City of Tampa's Civil Service Board would not have reinstated her. |
| Defendant's **Introduction**, pp. 1-2 notes that Ms. McConico "was terminated for a non-discriminatory/ non-retaliatory purpose, which she cannot rebut…." | **Rebuttal**:   The City of Tampa's Civil Service Board disapproved, annulled, rescinded, changed, and (or) reversed the Defendant's "purpose" for terminating Ms. McConico. The same evidence in support of that decision is also Ms. McConico's rebuttal evidence, to wit, *Texas Dept. of Comm. Affairs v. Burdines*, 450 U.S. 248 (1981)( Plaintiff may rebut by **"directly by persuading the court that a discriminatory reason more likely motivated the employer"; or "indirectly by showing that the employer's proffered explanation is** |

3

|  | **unworthy of credence**." *Id*. at 450 U.S. 248, 252-256 (1981). Here, reference should be made to the Plaintiff's cross-Motion For Summary Judgment. |
|---|---|
| Defendant's **Statement of the Case**, p. 4 of 25, References the Case Management Order and deadline of April 24, 2019 for the disclosure of an expert witness. | **Objection**:   Ms. McConico does not seek to introduce any expert witnesses.   She has sustained pain and suffering damages, which she may prove with her own testimony, based upon her own medical records and reports, and without the testimony of a medical expert. |
| Defendant's **Statement of the Case**, p. 4 of 25, states, "Instead of alleging that she was treated differently than two white males, she is now alleging that she was treated differently than a single employee, Ralph Rodriguez, a Hispanic male…." | **Rebuttal**:   The Court should simply disregard this observation, because an ADA or Title VII Plaintiff is allowed to change or amend the facts or legal theories upon the development of new evidence during discovery or upon the close of formal discovery.       The Defendant appears to suggest that |

4

| | |
|---|---|
| | Ms. McConico should be penalized for simply changing her allegation from "two white males" to "one white male," as the comparator for her Title VII racial discrimination claim. |
| Defendant's **Statement of the Case**, p. 4 of 25, states that "Ralph Rodriguez and Cliffette Williams were able to sufficiently explain their absence on September 12, 2017." | **Rebuttal**: the discrepancies in Manager Sal Ruggerio's testimony and Susan Weinrick's testimony, simply reveals that this assertion is not true. Mr. Ruggerio's was based upon a faulty reliance upon an assumption that Carlos Rios had given Ms. McConico a direct order to report to work—the Civil Service Board did not adopt this conclusion. Ms. Weinrick acknowledged making a mistake in giving Ralph Rodriguez authorization to take off from work. Cliffette Williams simply did not call in; Mr. Rodriguez called in and was given authorization to be off from work. In both Williams' and Rodriguez's situation, there was a break-down in communication. The precise same break-down in communication was manifest in Ms. McConico's case. Thirty-nine |

5

| | |
|---|---|
| | other City of Tampa employees failed to report to work, from other departments. Therefore, the only reason that Ms. McConico was terminated, was due to the fact that she had engaged in prior EO, Union grievance, and EEOC activities. |
| Defendant's **Statement of the Case**, p. 8 of 25, states that "Facts Determined by the City's Human Resources Investigation" | **Rebuttal**: No investigation report was attached. Also, there are no affidavits referenced in this part of the Defendant's Motion For Summary Judgment. Therefore, the Court should reject this portion of the Defendant's factual allegations. |
| Defendant's **Statement of the Case**, p. 9 of 25; 12 of 25, states that "Ultimately, Mr. Ruggiero was the sole decision-maker"; "Ultimately, the decision to terminate Plaintiff boiled down to Mr. Ruggiero making a determination as to credibility…." | **Rebuttal**: The Defendant's assertion here assumes that there were no past problems between Ms. McConico and the City of Tampa, and it ignores Ms. McConico's evidence that she had been set-up for failure and harassment over a long period of time. The Court should consider the Defendant's failure to address this issue as material omission that |

6

|  | prevents it from granting Summary Judgment in favor of the Defendant.[1] |
|---|---|

## CONCLUSION

The court should deny the Defendant's motion for summary judgement and, instead, render judgment in favor of the Plaintiff Benita McConico. Either there are no genuine issues of material fact, and judgment should be granted in favor of Ms. McConico, or there are genuine issues of material fact, and this case should be scheduled for trial. Federal Rule of Civil Procedure 56(c ) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The summary judgment procedure is an integral part of the federal rules, which "are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(Quoting Fed. R. Civ. P.1).

Thus, for the reasons stated hereinabove, an order denying the Defendant's motion summary judgment is fully appropriate.

RODERICK O FORD PLLC
Attorney For Benita McConico

---

[1] See, e.g., *McDonnell Douglas v. Green*, 411 U.S. 792, 804-805 (1973), stating: "Other evidence that may be relevant to any showing of pretext includes facts as to the petitioner's treatment of respondent during his prior term of employment; petitioner's reaction, if any, to respondent's legitimate civil rights activities; and petitioner's general policy and practice with respect to minority employment.  On the latter point, statistics as to petitioner's employment policy and practice may be helpful to a determination of whether petitioner's refusal to rehire respondent in this case conformed to a general pattern of discrimination against blacks. *Jones v. Lee Way Motor Freight, Inc*., 431 F.2d 245 (CA10 1970); *Blumrosen, Strangers in Paradise: Griggs v. Duke Power Co. and the Concept of Employment Discrimination*, 71 Mich.L.Rev. 59, 91-94 (1972). In short, on the retrial, respondent must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were, in fact, a coverup for a racially discriminatory decision."

>1808 N. Morgan Street
>Tampa, Florida 33602
>(813) 223-1200
>(800) 792-2241 facsimile
>
>By: __**/s Roderick O. Ford**____
>       RODERICK O. FORD
>       Fla. Bar No.: 0072620

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on August 23, 2019 on:

City of Tampa
Office of the City Attorney
ATTN: Toyin Hargret, Esq.
1st Floor, City Hall
315 E. Kennedy Blvd.
Tampa, Florida 33602
(813) 274-8962
(813) 274-8777 facsimile

             __/s/ Roderick O. Ford_____